**Opinion issued May 9, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-18-00078-CR**

————————————

**JOSE EDGARDO RIVERA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Case No. 1482180**

---

**MEMORANDUM OPINION**

Appellant Jose Rivera was charged by indictment with capital murder in the course of committing robbery. A jury found him guilty of the lesser-included offense of felony murder and assessed his punishment at life in prison. Rivera

appeals, alleging in two issues that his two trial attorneys rendered ineffective assistance. We affirm.

## Factual Background

On the evening of January 9, 2015, three men later identified by police as Rivera, Fernand Santiagovargas, and Jonny Enamorado entered a Harris County smoke shop owned by Michael Phelan, while a fourth, Belisario Lopez, was waiting outside as the getaway driver. Their intent was to rob the shop of any cash and guns. The three men were armed—two had handguns and one had a rifle. Phelan, a friend, and an employee were in the shop's back room when the gunmen entered.

The employee came out to greet what he thought were customers, but after seeing their weapons, he turned to return to the back room and to try to close the door to the back room. The employee was hit in the head and pushed into a restroom. Phelan heard the commotion, approached the front of the shop with a handgun, and was met with gunfire. Phelan was shot six times and eventually died from his gunshot injuries, but he apparently shot Enamorado in the leg in the exchange of gunfire. The attempted robbery and shootout were partially captured on the shop's surveillance video. After the shootout, the four would-be robbers fled the scene to Rivera's house, and then they took Enamorado to David Fiskal's

2

apartment, where Enamorado had been living. Over the next two weeks, Enamorado stayed there and recuperated from his gunshot wound.

After the crime, police received an anonymous tip that implicated Rivera, Enamorado, and Santiagovargas.[1] In a custodial interview, Enamorado provided police with Rivera's cell-phone number. Police subsequently obtained Rivera's cell-phone records, and they showed Rivera's phone "pinging" off of cell-phone towers in the area of the smoke shop at the time of the murder.

At Rivera's trial, Enamorado testified as an accomplice witness. Fiskal also testified for the State. Detective E. Powell of the Houston Police Department testified as the State's expert on cell site location information (CSLI). During trial, a hearing was held on Rivera's *Daubert* motion challenging the scientific reliability of the CSLI, but not Detective Powell's expertise in interpreting the CSLI. Rivera's trial counsel also made hearsay and Confrontation Clause objections to the CSLI. Rivera's motion and objections were overruled.

In his first issue, Rivera contends that his trial counsel rendered ineffective assistance of counsel by failing to make constitutional and statutory objections to the CSLI. In his second issue, he contends that his trial counsel rendered ineffective assistance of counsel by failing to investigate and obtain an expert in

---

[1] Santiagovargas was found guilty of capital murder and received a life sentence; and his conviction was affirmed. *See Santiagovargas v. State*, No. 01-17-00349-CR, 2018 WL 3580929 (Tex. App.—Houston [1st Dist.] July 26, 2018, no pet.) (mem. op., not designated for publication).

the field of cell site forensics to assist in the preparation for trial and in cross-examination of Detective Powell.

**Analysis**

The United States Constitution and the Texas Constitution guarantee an accused the right to reasonably effective assistance of counsel. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; *see also Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Ex parte Gonzales*, 945 S.W.2d 830, 835 (Tex. Crim. App. 1997). To prove ineffective assistance of counsel, a defendant must show that: (1) trial counsel's representation fell below an objective standard of reasonableness, based on the prevailing professional norms; and (2) there is a reasonable probability that, but for trial counsel's deficient performance, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 687–95; *Dewberry v. State*, 4 S.W.3d 735, 757 (Tex. Crim. App. 1999). Whether this test has been met is to be judged on appeal by the totality of the representation, not by isolated acts or omissions. *Rodriguez v. State*, 899 S.W.2d 658, 665 (Tex. Crim. App. 1995).

Our review of counsel's representation is highly deferential, and we will find ineffective assistance only if the defendant overcomes the strong presumption that his counsel's conduct fell within the range of reasonable professional assistance. *See Strickland*, 466 U.S. at 689; *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). The right to "reasonably effective assistance of counsel" does not

4

guarantee errorless counsel or counsel whose competency is judged by perfect hindsight. *Saylor v. State*, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983). Moreover, the acts and omissions that form the basis of the defendant's claims of ineffective assistance must be supported by the record. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).

In issue one, Rivera specifically argues that his trial counsel were ineffective by failing to object or to move for suppression on the grounds that his cell-phone records had been obtained without a warrant, in violation of the Fourth Amendment, the Stored Communications Act (18 U.S.C. § 2703(d)), and former Code of Criminal Procedure article 18.21,[2] which was repealed effective January 1, 2019.[3]

At the time of Rivera's trial in January of 2018, the Court of Criminal Appeals and all federal circuit courts of appeal that had considered the issue had uniformly held that a warrant was not required for law enforcement to obtain CSLI from cell-phone carriers. *See Ford v. State*, 477 S.W.3d 321, 330–35 (Tex. Crim. App. 2015); *Carpenter v. United States*, 138 S.Ct. 2206, 2226 (2018) (Kennedy, J., dissenting) (collecting federal appellate cases); Eric Lode, Annotation, *Validity of*

---

[2]   Act of May 27, 2013, 83rd Leg., R.S., ch. 1289, §§ 6, 7, 2013 Tex. Sess. Law Serv. 3263, 3265–67.

[3]   Act of May 24, 2017, 85th Leg., R.S., ch. 1058, §§ 5.01, 6.03, 2017 Tex. Sess. Law Serv. 4134, 4198–99 (current version at TEX. CODE CRIM. PROC. arts. 18B.351–.359).

*Use of Cellular Telephone or Tower to Track Prospective, Real Time, or Historical Position of Possessor of Phone Under State Law*, 94 A.L.R.6th 579 § 6 (2014) (collecting cases where courts held that warrant not required for CSLI). In *Carpenter*, the Supreme Court held that CSLI are records that carry an expectation of privacy and that law enforcement must generally obtain a search warrant for CSLI under the Fourth Amendment. *Carpenter*, 138 S.Ct. at 2217, 2221.

But *Carpenter* did not issue until June 22, 2018, six months after Rivera's trial. Therefore, any Fourth Amendment objection to Rivera's CSLI would have been contrary to existing and controlling Texas and federal law. *See United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009) (defense attorneys are required to make "[s]olid meritorious arguments based on directly controlling precedent"). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective *at the time*." *Strickland,* 466 U.S. at 689 (emphasis added).

Defense attorneys are not required to anticipate changes in the law: "Clairvoyance is not a required attribute of effective representation." *Fields*, 565 F.3d at 294–97 (counsel not ineffective for failing to object to defendant's sentence that would have been objectionable under subsequent Supreme Court case). Additionally, applicable Texas and federal law was that a violation of either

6

the Stored Communications Act or article 18.21 did not require suppression of the evidence unless a constitutional violation also occurred. *See, e.g.*, *United States v. Wallace*, 885 F.3d 806, 809–10 (5th Cir. 2018); *Love v. State*, 543 S.W.3d 835, 845 n.8 (Tex. Crim. App. 2016).

In conclusion, based on the law at the time of trial, Rivera's trial counsel were not deficient in failing to object to the CSLI on constitutional and statutory grounds. And having concluded that Rivera's trial counsel were not deficient, we need not address the prejudice element. *See Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009) ("An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong."). We overrule issue one.

Rivera's second issue contends that his trial counsel were ineffective by failing to investigate and obtain an expert in the field of cell-site forensics to assist in the preparation for trial and in the cross-examination of Detective Powell.

The record does not reflect trial counsel's reasons for not obtaining a defense expert on CSLI. It also does not reflect how a defense expert on CSLI could have assisted trial counsel or the substance of the testimony that such an expert could have provided. *See Noriega v. State*, No. 01-16-00404-CR, 2017 WL 3597732, at *5 (Tex. App.—Houston [1st Dist.] Aug. 22, 2017, no pet.) (mem. op., not designated for publication) ("When challenging trial counsel's decision not to

call an expert witness, the defendant must show that an expert was available and would have testified in a manner beneficial to him.") (citing *Jones v. State*, 500 S.W.3d 106, 116–17 (Tex. App.—Houston [1st Dist.] 2016, no pet.)).

But the record (trial counsel's fee vouchers) does reflect that Rivera's two trial attorneys billed a total of 48 hours reviewing and researching cell-phone records and that trial counsel were able to adequately cross-examine Detective Powell in the *Daubert* hearing and before the jury. Additionally, nothing in the record suggests that trial counsel did not adequately understand CSLI. *Cf. Nieves v. State*, No. 01-14-00294–CR, 2015 WL 4251009, at *8 (Tex. App.—Houston [1st Dist.] July 14, 2015, no pet.) (mem. op., not designated for publication) ("Nothing in the record here indicates that trial counsel did not sufficiently understand the DNA evidence or that counsel did not hire a consulting (as opposed to a testifying) expert to aid his understanding of the science or develop his defensive strategy.").

A silent record that provides no explanation for counsel's actions usually will not overcome the strong presumption of reasonable assistance. *Thompson*, 9 S.W.3d at 813–14. To warrant reversal without affording counsel an opportunity to explain his actions, "the challenged conduct must be 'so outrageous that no competent attorney would have engaged in it.'" *Roberts v. State*, 220 S.W.3d 521, 533 (Tex. Crim. App. 2007) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)). In situations where trial counsel has not been afforded an

opportunity to explain his actions, usually an appellate court will summarily reject the complaint. *See, e.g., Scheanette v. State*, 144 S.W.3d 503, 510 (Tex. Crim. App. 2004); *Hervey v. State*, 131 S.W.3d 561, 564 (Tex. App.—Waco 2004, no pet.) ("[T]rial counsel should ordinarily be afforded an opportunity to explain the actions taken or not taken, as the case may be, before being condemned as unprofessional and incompetent.").

Because the record is silent as to trial counsel's strategy regarding a defense expert on CSLI and because Rivera has not demonstrated that trial counsel's actions regarding CSLI were so outrageous that no competent attorney would have engaged in them, we cannot say that the record supports a finding that trial counsel were ineffective. *See Roberts*, 220 S.W.3d at 533. We overrule issue two.

## Conclusion

Having overruled Rivera's two issues, we affirm the trial court's judgment.

Richard Hightower
Justice

Panel consists of Chief Justice Radack and Justices Higley and Hightower.

Do not publish. TEX. R. APP. P. 47.2(b).